```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
THOMAS A. SIMONE,                        :    04 CIV. 2076 (DLC)
                                         :
               Plaintiff,                :    OPINION AND ORDER
                                         :
       -v-                               :
                                         :
PRUDENTIAL INSURANCE COMPANY OF AMERICA  :
and BENJAMIN JACOBSON & SONS, L.L.C.     :
LONG TERM DISABILITY PLAN,               :
                                         :
               Defendants.               :
-----------------------------------------X
```

For Plaintiff:
Aba Heiman
Fusco, Brandenstein & Rada, P.C.
180 Froelich Farm Boulevard
Woodbury, NY 11797

For Defendant Prudential Insurance
Company of America:
Edward J. Boyle
Kevin Fox
Julia Gorbovitsky
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
150 East 42nd Street
New York, NY 10017-5639

DENISE COTE, District Judge:

On February 28, 2005, this Court granted defendant Prudential Insurance Company of America's ("Prudential") motion for judgment on the administrative record and denied plaintiff Thomas Simone's ("Simone") cross-motion. Simone v. Prudential Ins. Co. of America, No. 04 Civ. 2076 (DLC), 2005 WL 475406 (S.D.N.Y. Feb. 28, 2005). On April 22, 2005, Simone moved to vacate the judgment pursuant to Rule 60(b)(6), Fed. R. Civ. P, on the ground that this Court's ruling has been superceded by the

Second Circuit's holding in <u>Nichols v. Prudential Ins. Co. of America</u>, 406 F.3d 98 (2d Cir. 2005). For the reasons stated herein, Simone's motion to vacate the judgment is denied.

## Background

On February 28, the parties to this action consented to converting their respective motions for judgment on the administrative record into a bench trial and waived their rights to oral argument. An Opinion and Order issued later that day granted Prudential's motion for judgment on the administrative record. <u>Simone</u>, 2005 WL 475406 at *8. Specifically, relying on the construction of the phrase "as determined by" in <u>Fay v. Oxford Health Plan</u>, 287 F.3d 96, 104 (2d Cir. 2002), and Tenth Circuit authority, the February 28 Opinion held that as used in the disability benefits plan policy at issue, the phrase "when Prudential determines" reserves discretionary authority to Prudential, thereby subjecting Prudential's decision to deny benefits to Simone to the "more deferential arbitrary and capricious standard." <u>Simone</u>, 2005 WL 475406, at *5. The Opinion further held that under that standard, as well as the terms of the policy at issue, "Prudential did not act arbitrarily or capriciously in denying Simone LTD benefits." <u>Id.</u> at *8. Familiarity with the February 28 Opinion is assumed.

Simone did not move pursuant to Rule 59(e), Fed. R. Civ. P.,

2

"to alter or amend the judgment" within ten days of its entry. Nor did he move pursuant to Rule 60(b)(1), Fed. R. Civ. P., for relief from the judgment due to "mistake, inadvertence, surprise, or excusable neglect."[1] Instead, according to Simone, he was "carefully considering an appeal" of the February 28 Opinion on the ground that this Court should have applied de novo review to his claim. As the Clerk of Court entered judgment for Prudential on March 3, Simone's thirty-day window to appeal the judgment ended on April 4 without Simone filing an appeal.

Simone explains that he believed an appeal would be futile, if not frivolous, after both this Court and an Eastern District court determined within a month of one another that the phrase "when Prudential determines" confers discretionary authority. See Wenzel v. Prudential Ins. Co. of America, 03 Civ. 5751 (E.D.N.Y. Mar. 25, 2005) (order finding phrase "when Prudential determines to be the plain, functional equivalent of a discretionary provision") (citation omitted). It should be noted that Simone shares counsel with the plaintiff in that Eastern District case.

On April 21, the Second Circuit issued its opinion in

---

[1] Plaintiff concedes that his opportunity to file a motion under Rule 60(b)(1) has elapsed. Rule 60(b)(1) motions are not "permitted past the deadline for filing a notice of appeal, thereby preventing Rule 60(b)(1) from becoming a way to assert an otherwise time-barred appeal." In re 310 Assocs., 346 F.3d 31, 35 (2d Cir. 2003) (citation omitted).

3

Nichols, 406 F.3d at 98, holding that the phrase "when Prudential determines" "lacks sufficient indicia of subjectivity" and therefore "vests no discretion in Prudential." Id. at 109. Recognizing that "[i]t's too late" to file either a notice of appeal or motions under Rules 59(e) and 60(b)(1), Fed. R. Civ. P., Simone moved on April 22 to vacate the judgment pursuant to Rule 60(b)(6), which his counsel has deemed "the only recourse left," on the ground that "the law within this Circuit has changed in his favor." Simone further contends that applying the de novo standard of review dictated by Nichols, "a preponderance of the evidence supports his claim for disability."

## Discussion

Rule 60(b)(6) bestows "broad discretion on [a] trial court to grant relief when appropriate to accomplish justice and it constitutes a grand reservoir of equitable power to do justice in a particular case." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (citation omitted). Although Rule 60(b)(6) motions "should be liberally construed when substantial justice will thus be served," LeBlanc v. Cleveland, 248 F.3d 95, 100 (2d Cir. 2001) (citation omitted), such motions "must be made within a reasonable time and the moving party must show extraordinary circumstances to warrant relief." Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., 301 F.3d 54, 59 (2d Cir. 2002) (citation

4

omitted). "Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." Agostini v. Felton, 521 U.S. 203, 239 (1997); see also Marrero Pichardo, 374 F.3d at 56. Nor does a plaintiff's "[f]ailure to properly assess the risks and potential gains of taking an appeal" constitute "an extraordinary circumstance that would justify relief under Rule 60(b)(6)." Cruickshank & Co. v. Dutchess Shipping Co., 805 F.2d 465, 468 (2d Cir. 1986). Simply put, "[b]ecause final judgments should not be lightly reopened, Rule 60(b) may not be used as a substitute for timely appeal." Cent. Vt. Public Service Corp. v. Herbert, 341 F.3d 186, 190 (2d Cir. 2003) (citation omitted).

The policy behind this law is not difficult to fathom. If litigants could successfully challenge decisions under Rule 60(b)(6) in situations such as this, litigants would burden the federal courts with a deluge of Rule 60(b)(6) motions premised on the claim that the law has changed. See Agostini, 521 U.S. at 238 (addressing Rule 60(b)(5) motion). It is for that reason that in Agostini, the Supreme Court clarified that while courts may grant relief from an injunction or consent decree where the movant can show "a significant change either in factual conditions or in law," such a standard does not apply to judgments that are not prospective in nature. Id. at 215, 239 (limiting holding to realm of civil litigation "where the

propriety of continuing prospective relief is at issue").

Simone has not shown the extraordinary circumstances justifying Rule 60(b)(6) relief. He chose not to appeal from the February 28 decision. He has not shown that he should be allowed to substitute a Rule 60(b) motion to a timely-filed appeal. Simone contends that relief should be granted by analogy to <u>Chan v. Reno</u>, No. 95 Civ. 2586 (RWS), 1997 WL 122783 (S.D.N.Y. Mar. 17, 1997). <u>Chan</u> is not controlling, and in any event, has no relevance to the instant matter. In <u>Chan</u>, the Honorable Robert W. Sweet granted the plaintiffs' Rule 60(b) motion on the ground that his prior holding that "administrative appeals of the plaintiffs' constitutional claims would afford genuine opportunities for adequate relief and would not be futile was . . . legally erroneous." <u>Id.</u> at *6. What justified giving relief to the plaintiffs, however, was not a subsequent change in the law nor a misapplication of preexisting precedent, but an erroneous understanding, due partly to "the Government's representation at oral argument, that Plaintiffs' constitutional claims would be heard by the Immigration Judge and the BIA in the course of deportation proceedings." <u>Id.</u>

In sum, Simone made a "considered choice not to appeal," and having done so, he "cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong, considering the outcome of [<u>Nichols</u>.]"

6

Cruickshank, 805 F.2d at 468 (quoting Ackermann v. United States, 340 U.S. 193, 198 (1950)). As a result, his Rule 60(b)(6) motion must be denied.

## Conclusion

Simone's motion to vacate the judgment pursuant to Rule 60(b)(6), Fed. R. Civ. P., is denied.

SO ORDERED:

Dated: New York, New York
May 27, 2005

*[signature]*
DENISE COTE
United States District Judge